**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WHALECO, INC.,

        Plaintiff,

v.

BAZHOU SHENGFANG QUANXIA
CLOTHING, et al.,

        Defendants.

Civil Action No. 25-cv-5917-MLB

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Whaleco Inc. d/b/a Temu ("Plaintiff"), submits this Brief in support

of its Motion for Entry of a Preliminary Injunction including an extension of the

relief previously granted by this Court in its TRO.

I.      **Introduction**

Plaintiff is requesting temporary relief based on an action for trademark

infringement, counterfeiting, and false designation of origin against the defendants

identified in the Complaint (collectively, the "Defendants"). As alleged in the

Complaint, Defendants are offering for sale and selling products bearing infringing

versions of Plaintiff's federally registered trademarks (the "Infringing Products")

through at least the fully interactive, e-commerce stores operating under the seller

aliases identified in the Complaint (the "Seller Aliases").

Defendants run a sophisticated infringement operation and have targeted sales to residents in the United States by setting up and operating e-commerce stores using one or more Seller Aliases through which residents in the United States can purchase Infringing Products. (Complaint, ¶ 2). Many of the e-commerce stores operating under the Seller Aliases share unique identifiers, indicating that their counterfeiting operations arise out of the same transaction, occurrence, or series of transactions or occurrences and establishing a logical relationship between them. (Complaint, ¶ 16). However, Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope of their operations.

The identity verification systems used on e-commerce marketplace platforms including Alibaba, Walmart, and Wish are often abused by infringers such as Defendants, who routinely provide false or inaccurate names and addresses when registering their e-commerce stores.

A Preliminary Injunction would prevent attempts by such entities to circumvent Plaintiff's enforcement efforts by transferring funds out of the accounts to accounts outside this Court's jurisdiction, and to maintain the status quo as the case progresses.

2

II.     **Statement Of Facts**

a.      **About Plaintiff**

Plaintiff operates an ecommerce marketplace at temu.com ("TEMU.COM" or the "TEMU Marketplace"). (Complaint, ¶ 4). The TEMU Marketplace has operated in the United States since September 1, 2022. Consumers in the United States can purchase goods on the TEMU Marketplace from third party sellers in many categories, including clothing, household goods, cosmetics, appliances, electronics, and other goods. (Complaint, ¶ 5). Plaintiff uses the TEMU Marks in connection with the sale of various products through its TEMU Marketplace. *Id.* at ¶ 5.

Plaintiff, through its affiliate, Five Bells Limited, is the exclusive licensee of all rights, title, and interest in and to the TEMU word marks and TEMU design marks (collectively, the "TEMU Marks"). Declaration of Teland Guo, (the "Guo Decl.") at ¶ 5. (Dkt. 3-2). True and correct copies of the United States registration certificates for the TEMU Marks are attached to the Complaint as Exhibit 1. The registration certificates for the TEMU Marks were duly issued by the United States Patent and Trademark Office and constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the TEMU Marks pursuant to 15 U.S.C. § 1057(b).

The TEMU Marketplace is among the most famous and popular e-commerce sites of its kind in the world and has been extensively promoted and advertised at great expense. Guo Decl. at ¶ 7. Plaintiff expends significant sums annually in

3

advertising, promoting and marketing featuring the TEMU Marks. *Id.* The TEMU

Marks are distinctive, signifying to the purchaser that the products come from

Plaintiff and are manufactured to Plaintiff's quality standards. *Id.* at ¶ 8. As such,

the goodwill associated with the TEMU Marks is of incalculable and inestimable

value to Plaintiff. *Id.*

### b. Defendants' Unlawful Activities

The success of Plaintiff's brand has resulted in significant infringement of

the TEMU Marks. Guo Decl. at ¶ 11. Consequently, Plaintiff has a worldwide

anti-counterfeiting program and regularly investigates suspicious e-commerce

stores identified in proactive Internet sweeps and reported by consumers. *Id.* In

recent years, Plaintiff has identified numerous fully interactive e-commerce stores,

including the Seller Aliases, which were offering for sale and/or selling

Infringing Products to consumers throughout the United States. *Id.*

Plaintiff's well-pleaded allegations regarding registration patterns,

similarities among the e-commerce stores operating under the Seller Aliases and the

Infringing Products for sale thereon, and common tactics employed to evade

enforcement efforts establish a logical relationship among the Defendants and that

Defendants are interrelated.  If Defendants provide additional credible information

regarding their identities, Plaintiff will take appropriate steps to amend the

Complaint.

**III.    A Preliminary Injunction Extending the Relief Already Granted in the TRO Is Appropriate.**

Plaintiff requests that this Court convert the TRO previously entered in this action to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts regularly convert temporary restraining orders to preliminary injunctions in intellectual property actions where the circumstances justify it. *See, e.g., Epic Tech, LLC v. Paradise Internet Café*, LLC, No. 3:15-cv-00530-J-34JRK, 2015 WL 2342990, at *3 (M.D. Fla. May 14, 2015) (converting TRO to a preliminary injunction in copyright case); *Anti-Aging Techs., LLC v. The Partnerships & Unincorporated Assocs. Identified in Sch. "A,"* 1:20-cv-06597, Dkt. 44-45 (N.D. Ill. Nov. 6, 2020) (converting TRO to a preliminary injunction in a trademark counterfeiting case).

**a. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied.**

Since the standards for granting a TRO and for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Daker v. Warren*, No. 1:10-CV-03815-RWS, 2012 U.S. Dist. LEXIS 87517 (N.D. Ga. June 25, 2012). Since the facts and circumstances regarding Plaintiff and Defendants remain the same since entry of the TRO, the requirements for entry of a preliminary injunction have been satisfied here. A temporary restraining order or preliminary injunction

may be issued upon a showing that the following criteria have been satisfied: (1) there is a substantial likelihood of success on the merits of Plaintiff's claim; (2) there is a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest. *Four Seasons Hotels & Resorts v. Consorcio Barr*, 320 F.3d 1205, 1210 (11th Cir. 2003). Plaintiff has submitted evidence supporting substantial likelihood of success on the merits of Plaintiff's claim including evidence of each Seller Alias using Plaintiff's registered trademarks without Plaintiff's permission on their respective storefronts. Specific evidence of infringement for each Seller Alias[1] is shown in Exhibit 2 to the Complaint and in ¶ 2 of the Second Declaration of David Lilenfeld (the "Lilenfeld Second Decl") filed herewith. Further, this Court has already found that there is a substantial threat of irreparable injury if the injunction is not granted, the threatened injury to the movant outweighs the damage to the opposing party, and granting the injunction would not be adverse to the public interest, therefore a Preliminary Injunction Order should be entered.

---

[1] Doe #6 has been dismissed from the action and is so marked on Sch A.

IV.    **<u>The Equitable Relief Sought Remains Appropriate</u>**

The Lanham Act authorizes courts to issue injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark ...." 15 U.S.C. § 1116(a). Here, each Defendant is engaged in the inherently deceptive act of intellectual property infringement from outside the U.S. *See Gucci Am., Inc. v. Weixing Li,* 768 F.3d 122, 132-33 (2d Cir. 2014) (confirming authority to issue TRO and preliminary injunction freezing assets of offshore defendants selling counterfeit goods online); *Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007) (affirming TRO and preliminary injunction freezing assets of defendants selling counterfeit goods); *Reebok Int'l Ltd. v. Marnatech Enterprises, Inc.*, 737 F. Supp. 1521, 1527 (S.D. Cal. 1990) ("Due to the international aspect of the defendants' business, the Court is concerned that unless the assets are frozen, defendants may hide their allegedly ill-gotten funds."), aff'd, 970 F.2d at 561 (9th Cir. 1992); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987-88 (11th Cir. 1995) (internal quotations omitted) (affirming a preliminary injunction freezing assets of U.S.-based defendants who arranged for making counterfeits overseas). The Court should also consider actions taken by similarly situated defendants to evade court orders and/or move proceeds of infringing sales offshore. *See Cisco Sys. v. Shenzhen*

*Usource Tech. Co.*, 2020 U.S. Dist. LEXIS 158008, at *10 (N.D. Cal. Aug. 10, 2020); *In re Vuitton Et Fils S.A.,* 606 F.2d 1, 4 (2d Cir. 1979).

As stated above, Plaintiff has submitted evidence showing that each Defendant is using an unauthorized TEMU Mark. *See* Lilenfeld Second Decl. at ¶ 2. Defendants sell products featuring infringing versions of the TEMU Marks in their product descriptions, storefront names, or directly on the products themselves, all of which infringes upon the exclusivity granted to Plaintiff by the Lanham Act. *See H-D, U.S.A, LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 2021 U.S. Dist. LEXIS 187253; *Creeled, Inc. v. The Individuals*, 8:2022-cv-02379 (M.D. Fla. 2024); *Grover Prods. LLC v. Air Horns of Tex., LLC*, 2025 U.S. Dist. LEXIS 198626. Defendants' unauthorized use of the TEMU Marks results in direct, unfair competition in the marketplace for Plaintiffs' goods, and weakens the reputation and goodwill that Plaintiff has established.

Defendants "take advantage of a set of circumstances – the anonymity and mass reach afforded by the internet and the cover afforded by international borders – to violate [Plaintiff's] trademarks with impunity." *Bose Corp. v. P'ships, et al.*, 334 F.R.D. 511, 516 (N.D. Ill. 2020). Specifically, Plaintiff has established that Defendants operate offshore in foreign jurisdictions. Guo Decl. at ¶ 12. Defendants are also likely aware that it would be "difficult if not impossible to enforce U.S. judgments in China." *Cisco Sys.*, 2020 U.S. Dist. LEXIS 158008 at *25.

## V.    <u>Conclusion</u>

In view of the foregoing and consistent with similar cases, Plaintiff requests

that the Court enter a Preliminary Injunction in the form submitted herewith.


Date: January 14, 2026                    Respectfully submitted,

                                          <u>*/s/ David M. Lilenfeld*</u>
                                          David M. Lilenfeld
                                          Georgia Bar No. 45299
                                          **WHITEWOOD LAW PLLC**
                                          5555 Glenridge Connector, Suite 200
                                          Atlanta, Ga. 30342
                                          Telephone: (404) 663-3349
                                          Email: david@whitewoodlaw.com

                                          Abby Neu, *pro hac vice pending*
                                          **WHITEWOOD LAW PLLC**
                                          5555 Glenridge Connector, Suite 200
                                          Atlanta, GA 30342
                                          Telephone: (872) 294-3263
                                          Email: aneu@whitewoodlaw.com

                                          *Counsel for Plaintiff*

## <u>CERTIFICATE OF FONT & SIZE SELECTION</u>

Pursuant to LR 7. 1(D), I certify that this paper was prepared with one of the

font and point selections approved by the Court in LR 5.1(B).

Date: January 14, 2026                    Respectfully submitted,

                                          <u>*/s/ David M. Lilenfeld*</u>
                                          David M. Lilenfeld
                                          Georgia Bar No. 45299
                                          **WHITEWOOD LAW PLLC**
                                          5555 Glenridge Connector, Suite 200
                                          Atlanta, GA 30342
                                          Telephone: (404) 663-3349
                                          Email: david@whitewoodlaw.com